# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JAVELIN GLOBAL COMMODITIES (UK) LTD. *Plaintiff* <br><br> VERSUS <br><br> XCOAL ENERGY & RESOURCES *Defendant, and* <br><br> PNC Bank N.A., *Garnishee* | CIVIL ACTION NO. 3:25-cv-1859 <br><br> IN ADMIRALTY, F.R.C.P. 9(h) AND RULE B |

## *EX PARTE* MOTION TO EXTEND TIME FOR SERVICE AND INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff, Javelin Global Commodities (UK) Ltd. ("Javelin"), through undersigned counsel, respectfully moves the Court for an extension of time to perfect service on Defendant, Xcoal Energy & Resources and Garnishee, PNC Bank, N.A. pursuant to Federal Rules of Civil Procedure 4 and 6. In support thereof, Javelin states as follows:

This case involves security for claims against Xcoal Energy & Resources ("Xcoal") arising out of the wrongful seizure and attachment of a cargo of coal by Xcoal while aboard a vessel chartered by Javelin and located in navigable waters at the time of seizure. Pursuant to Federal Rule of Civil Procedure 10(c), Javelin

incorporates by reference its previously filed Motion, R. Doc. 2, as if set forth herein *in extenso*.

To secure Javelin's claims against Xcoal arising from this wrongful seizure, on July 16, 2025, in accordance with Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), Javelin filed its Verified Complaint seeking attachment and garnishment of Xcoal's property located within this District, including accounts, funds, movies, and deposits located in the possession of Garnishee, PNC Bank N.A. ("PNC"). *See* R. Doc. 1. On that same day, Javelin filed its Motion requesting this Court enter an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment in accordance with Rule B and as more fully set forth and supported in Javelin's Motion. This is specifically approved *ex parte* process.

As delineated in Javelin's Motion, Rule B permits maritime plaintiffs to proceed *ex parte* in order to effectuate the very purposes of the special maritime procedure. The reasoning is simple – maritime property and maritime defendants are often transitory in nature[1] and, as such, these special maritime procedures necessitate

---

[1] "Rule B is an *ex parte* mechanism in part because a condition is that the defendant not be found in the district and the defendant would typically not appear until after an attachment has been issued, and perhaps only after property has been attached in the District. Moreover, maritime attachments arose because it is often difficult to find assets of parties to a maritime dispute. 'Maritime parties are peripatetic, and their assets are often transitory.'" *Emerald Equip. Leasing, Inc. v. Sea Star Line*, LLC 2009 U.S. Dist. LEXIS 37623, 2009 U.S. Dist. LEXIS 37623, at *17 (S.D.N.Y. May 1, 2009) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006)).

prompt action by the Court to protect the plaintiff's interests. Even further, in today's modern era with case reports and PACER notifications, delay in issuing orders to effectuate Rule B irreparably harms the maritime plaintiff, here Javelin, as a defendant may have notice of a pending action and work to remove any property from within the District, thereby thwarting the action altogether.

Seventy-nine days later, this Court granted Javelin's Motion on October 3, 2025 and issued the Process of Maritime Attachment and Garnishment on the same day. Javelin promptly served a copy of the Process of Maritime Attachment and Garnishment on the registered agent for PNC on the afternoon of October 3, 2025.

Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff should serve the complaint and summons within 90 days after filing. Nevertheless, Rule 4(m) also provides that if a plaintiff "shows good cause" for a failure to serve a defendant within 90 days after a complaint is filed, the "court must extend the time for service for an appropriate period." FED. R. CIV. PROC. 4(m). "[G]ood cause under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)). "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified

is normally required." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)) (internal quotations omitted).

As noted herein, Javelin filed its Complaint on July 16, 2025. With respect to service, 90 days from the filing of Javelin's Complaint would be October 14, 2025. Javelin has served PNC with the Process of Maritime Attachment and Garnishment, but has not yet served Xcoal or PNC with the Complaint and a summons issued by this Court. Javelin respectfully requests an additional 14 days within which to perfect service on Xcoal and PNC. Javelin did not previously serve the Complaint on either party, as the Court had not yet granted Javelin's Motion for issuance of the Rule B attachment. And, as noted herein and in its Motion, Javelin could not serve the Complaint prior to the Court granting its Motion, because if Xcoal had notice of this action, it could easily transfer funds, close accounts, etc., thereby thwarting the very purpose and nature of the filed Complaint and the special maritime procedure. Javelin has requested the Clerk of Court to issue Summons to both Xcoal and PNC so that Javelin may perfect service in a timely manner. Javelin respectfully contends that based upon the unique nature of this maritime proceeding coupled with a delay in ruling by the Court, that Javelin has shown good cause for this Court to extend the time for Javelin to perfect service in this case.

Accordingly, Javelin respectfully requests that this Court grant its Motion and extend the time to serve the parties by an additional 14 days or until October 28, 2025.

Dated: October 14, 2025.

        Respectfully submitted,

        */s/ L. Etienne Balart*
        L. ETIENNE BALART
        Admitted *Pro Hac Vice*
        SARA B. KUEBEL
        Admitted *Pro Hac Vice*
        Jones Walker, LLP
        201 St. Charles Ave., Ste. 5100
        New Orleans, LA 70170
        Telephone: (504) 582.8584
        Facsimile: (504) 589.8584
        Email:    ebalart@joneswalker.com
                      skuebel@joneswalker.com

        Amy K. Anderson
        Texas Bar No. 24077064
        JONES WALKER, LLP
        811 Main Street, Suite 2900
        Houston, Texas 77002
        Telephone: (713) 437.1800
        Facsimile: (713) 437.1810
        Email:    aanderson@joneswalker.com

        ***Attorneys for Plaintiff, Javelin Global Commodities (UK) Ltd.***

## **CERTIFICATE OF WORD COUNT**

      Undersigned counsel certifies that it utilized Microsoft's "Word Count" and that this Motion contains 938 words, in accordance with this Court's Standing Order regarding Motion Practice.

                                    */s/ L. Etienne Balart*
                                      L. ETIENNE BALART