IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVELIN GLOBAL COMMODITIES (UK) LTD, <br> Plaintiff, <br><br> V. <br><br> XCOAL ENERGY AND RESOURCES, <br> Defendant, <br><br> and <br><br> PNC BANK, N.A., <br> Garnishee. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> 3:25-cv-1859 <br><br> IN ADMIRALTY, <br> F.R.C.P. 9(h) AND RULE B |

**GARNISHEE PNC BANK, N.A.'S ORIGINAL ANSWER TO WRIT OF GARNISHMENT**

NOW COMES Garnishee PNC Bank, N.A. ("PNC")[1] and files its Original Answer to Writ of Garnishment (the "Answer"), and in support thereof would show unto the Court as follows:

**I. INDEBTEDNESS TO JUDGMENT DEBTOR(S)**

A.   Indebtedness at the Time the Writ of Garnishment was Served.

1.   After performing account review(s) pursuant to 31 CFR 212.5, PNC has concluded that, as of the date the Writ of Garnishment was served on PNC:

   a.   PNC was indebted to Judgment Debtor(s) by virtue of the following account(s):

| Judgment Debtor(s) | Account Number | Amount |
|---|---|---|
| XCoal Energy & Resources | XXXXX7029 | $0.00 |
| XCoal Energy & Resources | XXXXX9538 | $0.00 |
| XCoal Energy & Resources | XXXXX5898 | $4,302.82 |
| XCoal Energy & Resources | XXXXX7743 | $0.00 |

---

[1] PNC has acquired and merged with BBVA Compass Bank, and accordingly, this Answer likewise constitutes an appearance on behalf of BBVA Compass Bank, to the extent applicable.

    b.    PNC was not in possession of any personal effects belong to Judgment Debtor(s).

    c.    PNC was not aware of any third parties that were indebted to Judgement Defendant(s).

B.  <u>Indebtedness at the Time of Filing this Answer.</u>

2.    After performing account review(s) pursuant to 31 CFR 212.5, PNC has concluded that, as of the date this Answer is being filed:

    a.    PNC is indebted to Judgment Debtor(s) by virtue of the following account(s):

| Judgment Debtor(s) | Account Number | Amount |
|---|---|---|
| XCoal Energy & Resources | XXXXX7029 | $0.00 |
| XCoal Energy & Resources | XXXXX9538 | $0.00 |
| XCoal Energy & Resources | XXXXX5898 | $4,584.70 |
| XCoal Energy & Resources | XXXXX7743 | $0.00 |

    b.    PNC is not in possession of any personal effects belong to Judgment Debtor(s).

    c.    PNC is not aware of any third parties that were indebted to Judgement Defendant(s).

## II.  OBJECTION TO MEDIATION

3.    As a disinterested, third-party stakeholder, PNC objects to mediation. In the event PNC is ordered to mediate, PNC requests that the Court order that all costs of mediation be borne by Judgment Creditor(s) and/or Judgment Debtor(s).

## III.  AFFIRMATIVE DEFENSES & PLEAS OF PROTECTION

4.    To the extent a protected amount has been calculated and established, PNC affirmatively pleads No Challenge of Protection pursuant to 31 CFR 212.6 (c).

5.    PNC further affirmatively pleads Protection During Examination and Pending Review pursuant to 31 CFR 212.10 (a).

6. PNC further affirmatively pleads Protection when Protecting or Freezing Funds pursuant to 31 CFR 212.10 (b).

7. PNC further affirmatively pleads Protection for Providing Additional Information to Account Holder pursuant to 31 CFR 212.10 (c).

8. PNC further affirmatively pleads Protection for Financial Institutions from Other Potential Liabilities including bona fide errors, customary clearing and settlement adjustments, and honoring an account holder's express written instruction to disburse protected funds pursuant to 31 CFR 212.10 (d)(1), (2), and (3).

### IV. RECOVERY OF ATTORNEY'S FEES FOR GARNISHMENT

9. PNC has retained the undersigned attorneys to represent it in this proceeding, and has agreed to pay its attorneys a reasonable fee for services rendered. Pursuant to TEX. R. CIV. P. 677, PNC is entitled to recover all costs of not less than **$850.00** (including reasonable attorney's fees of not less than $750.00 incurred herein), from Judgment Creditor(s) and/or Judgment Debtor(s).[2]

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Garnishee PNC Bank, N.A. respectfully requests that the Court enter an order:

    a. Adjudicating all rights to the subject funds and/or property;

    b. Awarding PNC its costs, including reasonable attorney's fees, from Judgment Creditor(s) and/or Judgment Debtor(s); and

    c. Discharging PNC from any and all liability to Judgment Creditor(s) and Judgment Debtor(s).

---

[2] To the extent necessary, this request for fees shall constitute a Counterclaim and Motion to Adjudge Costs that will survive any dismissal of the garnishment proceeding until adjudicated and paid.

Respectfully Submitted,

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax

*/s/ Matthew B. Fronda*
Mark W. Stout
State Bar No. 24008096
mstout@padfieldstout.com
Matthew B. Fronda
State Bar No. 24086264
mfronda@padfieldstout.com

*Attorneys for Garnishee PNC Bank, N.A.*

### CERTIFICATE OF SERVICE

This is to certify that on October 20, 2025, I forwarded a true and correct copy of the foregoing document to all counsel and/or parties of record in compliance with TEX. R. CIV. P. 21 & 21a.

*/s/ Matthew B. Fronda*
Matthew B. Fronda

**<u>UNSWORN DECLARATION VERIFYING</u>**
**<u>GARNISHEE PNC BANK, N.A.'S ORIGINAL ANSWER TO WRIT OF GARNISHMENT</u>**

My name is Emily Mateo, my date of birth is January 28th, and my address is 4100 W. 150th, Cleveland, Ohio. I am the Paralegal for PNC Bank, N.A. I have read Garnishee PNC Bank N.A.'s Original Answer to Writ of Garnishment in the above-entitled and numbered cause. I declare under penalty of perjury that every factual statement contained therein is within my personal knowledge and is true and correct.

Executed in Cuyahoga County, Ohio, on the 20th day of October, 2025.



*Emily Mateo*